# UNITED STATES DISTRICT COURT

__EASTERN__ District of __NEW YORK, BROOKLYN__

UNITED STATES OF AMERICA

v.

YEHUDA BENATAR

**(AMENDED JUDGMENT IN A CRIMINAL and RE-SENTENCE IN A CRIMINAL CASE)**

Case Number: 02-CR-99(S-1)-01(JG) and 05-CR-552-01(JG)

USM Number: 02566-748

Defendant's Attorney: Alan S. Futerfas, Esq.

260 Madison Avenue, 22nd Floor
New York, NY 10016
(212) 684-8400

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT - 3 2007 ★

**Reason for Amendment:**

**Amended as to length of prison term imposed and the addition of a supervised release term.**

**THE DEFENDANT:**

✔ pleaded guilty to count(s)   One of the information in 05-CR-552-01 on 7/20/2005 before Judge Gleeson.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

✔ was sentenced on count(s)   Three of the superseding indictment in 02-CR-99(S-1 on 6/10/2005 before Judge Gleeson.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C) | Conspiracy to distribute and possess with intent to distribute MDMA. | 3/27/2002 | THREE |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | Conspiracy to distribute and possess with intent to distribute MDMA. | 3/27/2002 | ONE |

The defendant is sentenced as provided in __2 through 6__ of this judgment. The sentence is imposed pursuant the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

✔ Count(s)   __(All Open Counts)__   ☐ is ✔ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 21, 2007
Date of Imposition of Judgment

s/John Gleeson
Signature of Judge

John Gleeson, U.S.D.J.
Name and Title of Judge

9-28-07
Date

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
            Sheet 2 — Imprisonment
                                                                              (NOTE: Identify Changes with Asterisks (*))

DEFENDANT:      YEHUDA BENATAR                              Judgment — Page __2__ of __6__
CASE NUMBER:    02-CR-99(S-1)-01(JG) and 05-CR-552-01(JG)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term

__Sixty-four (64) months and nineteen (19) days incarceration to run concurrent on both counts. The court imposes this amended sentence because it represents a term of imprisonment of ninety (90) months, less twenty-six (26) months and eleven (11) days, which reduction credits the defendant pursuant to U.S.S.G. § 5G1.3(b)(1) for the period of time between June 10, 2005 and September 21, 2007, during which he was serving an undischarged term of imprisonment with respect to his conviction in the Eastern District of New York Criminal Docket No. 02-99.__

☐ The court makes the following recommendations to the Bureau of Prisons:



☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: YEHUDA BENATAR
CASE NUMBER: 02-CR-99(S-1)-01(JG) and 05-CR-552-01(JG)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for

**\*\* Five (5) years supervised release to run concurrent on both counts. \*\***

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ✔ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 3C — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: YEHUDA BENATAR
CASE NUMBER: 02-CR-99(S-1)-01(JG) and 05-CR-552-01(JG)

Judgment—Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

– **If deported, the defendant may not reenter the United States illegally.**

DEFENDANT: YEHUDA BENATAR
CASE NUMBER: 02-CR-99(S-1)-01(JG) and 05-CR-552-01(JG)

Judgment — Page 5 of 6

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|       | **Assessment** | **Fine** | **Restitution** |
|-------|----------------|----------|-----------------|
| TOTAL | $ 200.00       | $        | $               |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

TOTALS   $ _____   $ _____

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

  ☐ the interest requirement for   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: YEHUDA BENATAR
CASE NUMBER: 02-CR-99(S-1)-01(JG) and 05-CR-552-01(JG)

Judgment — Page 6 of 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ✔ Lump sum payment of $ **200.00** due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.